IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM RICE,** : | |
|           **Plaintiff,** : | |
| : | **Civil Action** |
|     v. : | **No. 20-2404** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|           **Defendants.** : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendants the City of Philadelphia ("d/b/a the Philadelphia Police Department"), Officer Melissa O'Leary, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony LaSalle, Officer Zachary Raymond, Sergeant Angel Gonzalez, Officer Michael Sowell, Officer Jonathan Dedos, and Sergeant Steven Vanor's Motion to Dismiss for Failure to State a Claim, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that all claims against the City of Philadelphia, O'Leary, Murphy, Frei, Kerwin, LaSalle, Raymond, Sowell, Dedos, and Vanor are **DISMISSED**, and all claims against the Philadelphia Police Department are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM RICE,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 20-2404 |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia ("d/b/a the Philadelphia Police Department"), Officer Melissa O'Leary, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony LaSalle, Officer Zachary Raymond, Sergeant Angel Gonzalez, Officer Michael Sowell, Officer Jonathan Dedos, and Sergeant Steven Vanor (hereinafter, "Defendants"), by and through their undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that the Court dismiss the claims asserted against them.

Date: <u>May 28, 2020</u>

Respectfully submitted,

/s/ Katie Cooper Davis
Katie Cooper Davis
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
215-683-5397 (fax)
katie.davis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM RICE, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 20-2404 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Kareem Rice has disregarded Third Circuit case law by suing Defendants, the City of Philadelphia ("d/b/a the Philadelphia Police Department"), Officer Melissa O'Leary, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony LaSalle, Officer Zachary Raymond, Sergeant Angel Gonzalez, Officer Michael Sowell, Officer Jonathan Dedos, and Sergeant Steven Vanor under 42 U.S.C. § 1983 while failing to plead any factual allegations regarding a municipal policy or custom that was the moving force behind the Constitutional violations alleged *or* alleging any of the above individual defendants had any personal involvement in the alleged wrongs. For the reasons set forth below, the Court should dismiss Plaintiff's claims against Defendants the City of Philadelphia, O'Leary, Murphy, Frei, Kerwin, LaSalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor.

I.  **BACKGROUND**

On April 20, 2020, Plaintiff filed a Complaint in the Philadelphia Court of Commons Pleas naming as Defendants, among others, the City of Philadelphia ("d/b/a the Philadelphia Police Department"), Officer Melissa O'Leary, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony LaSalle, Officer Zachary Raymond, Sergeant

Angel Gonzalez, Officer Michael Sowell, Officer Jonathan Dedos, and Sergeant Steven Vanor. On May 22, 2020, Defendants removed this action to the Eastern District of Pennsylvania. *See* ECF Doc. No. 1.

In his Complaint, Plaintiff asserts in Count I a generalized claim of "malicious prosecution/false arrest/wrongful imprisonment" and a *Monell* claim in Count II. *See* Cmplt. at ¶¶ 48-65. Plaintiff alleges while he was working as a contractor in February 2018, his foreman, Richard Lipinski, reported a theft of copper piping from a job site to the Philadelphia Police Department. *See id.* at ¶¶ 21, 30-32, 35. Lipinski told Defendant Detective Murphy that Plaintiff *admitted* to taking the copper piping. *See id.* at ¶ 36. However, Plaintiff complains Murphy did not ask Lipinski whether anyone had given Plaintiff permission to remove the copper pipes, even though Lipinski reported a *theft*. *See id.* at ¶¶ 36-37. Plaintiff then alleges in March 2018 a warrant was issued for his arrest and he subsequently turned himself in and posted bail. *See id.* at ¶¶ 38-39. Plaintiff alleges he was ultimately acquitted around January 23, 2019. *See id.* at ¶ 40.

Plaintiff claims his former employer and co-workers knew that he did not commit a theft and that he was set up because of his race. *See id.* at ¶¶ 41-42. Plaintiff further alleges Defendants O'Leary, Murphy, Frei, Kerwin, LaSalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor "knew there was no probable cause to arrest Plaintiff," but fails to explain how they "knew." *See id.* at ¶ 43.

## II. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### III.   ARGUMENT

#### A.   The Court Should Dismiss Plaintiff's Claim Against the Philadelphia Police Department.

Plaintiff named the Philadelphia Police Department ("PPD") as a Defendant in this case. *See* Cmplt. at ¶ 2. Departments of the City of Philadelphia, specifically the Philadelphia Police Department, do not have a separate corporate existence and are not properly named as parties to the suit. 53 Stat. § 16257. As a matter of law, and pursuant to § 16257, the Philadelphia Police Department is not a legal entity that can be sued. *Regalbuto v. City of Philadelphia*, 937 F. Supp. 347, 377 (E.D. Pa. 1995) (dismissing claims against Philadelphia police and fire departments). Because Plaintiff has attempted to sue the Philadelphia Police Department, dismissal is appropriate. As the City of Philadelphia is simultaneously named as a Defendant in the caption of this case, the Philadelphia Police Department should be dismissed from this case with prejudice.

#### B.   Plaintiff's Claims Against the City Fail.

The Court should dismiss Plaintiff's claims against the City because he fails to make factual allegations regarding a municipal policy or custom that was the moving force behind the alleged constitutional violations.

As the Supreme Court has made clear, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, "it is when execution of a government's policy …

inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also, Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees). In order to prevail against the City in a § 1983 claim, a plaintiff must allege that (1) a constitutionally-protected right has been violated and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694-95.

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). To bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City of Philadelphia] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010).

Additionally, the Third Circuit has held on multiple occasions that a complaint that neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see also Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint

4

cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"). Vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) (granting motion to dismiss complaint that merely recited the elements of a *Monell* claim).

Here, Plaintiff fails to make a *Monell* claim. First, Plaintiff never identifies a municipal policy or custom much less plead any factual allegations about a municipal policy or custom that caused his rights to be allegedly violated. Instead, Plaintiff merely uses conclusory language to state police department employees' actions "were done in accord with PPD policies, customs, and procedures," which "allowed for the PPD's and defendant officers' violations of plaintiff's constitutional rights." See Cmplt. at ¶¶ 61, 63. In addition to failing to identify a single City policy, custom, or procedure, Plaintiff also fails to state how they were deficient. Moreover, even though Plaintiff identifies former Philadelphia Police Commissioner Richard Ross, Jr. as the "decisionmaker," Plaintiff fails to allege any conduct by Ross that could be linked to Plaintiff's alleged injuries. Lastly, Plaintiff's attempt to make a failure to train and/or supervise claim fails because he fails to state how training and supervision was inadequate or how such inadequacies caused his alleged injuries. *See id.* at ¶¶ 62, 64. Because Plaintiff's conclusory allegations are insufficient, Plaintiff's *Monell* claim against the City should be dismissed.

To the extent Plaintiff also meant to plead state law intentional torts claims against the City in Count I, the Pennsylvania Political Subdivision Tort Claims Act ("the Tort Claims Act") bars Plaintiff from suing the City. *See* 42 PA.C.S. § 8542(A)(2); *Orange Stones Co. V. City Of Reading*, 87 A.3D 1014, 1022 (Pa. Cmwlth. 2014) (holding the Tort Claims Act only permits

suits against municipalities for "negligent acts"). Therefore, all claims against the City should be dismissed.

### C. Plaintiff's Claims Against Defendants O'Leary, Murphy, Frei, Kerwin, Lasalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor Fail Because His Ambiguous Claims Do Not Allege Personal Involvement, Malice, or Willful Misconduct.

In Count I, Plaintiff makes an ambiguous claim of "malicious prosecution/false arrest/wrongful imprisonment." *See id.* at ¶¶ 48-54. As an initial matter, Plaintiff's Complaint fails to state whether these are § 1983 claims for malicious prosecution, false arrest, and false imprisonment or whether these are state law intentional tort claims for the same. Plaintiff's Complaint also fails to state with specificity against whom these claims are alleged. Lastly, while Plaintiff alleges violations under the Fourth and Fourteenth Amendments of the U.S. Constitution, Plaintiff fails to state which of these constitutional amendments applies to his malicious prosecution claim and which constitutional amendments applies to his of false arrest and wrongful imprisonment claims. Regardless, Plaintiff's claims fail because he does not plead personal involvement by Defendants O'Leary, Murphy, Frei, Kerwin, Lasalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor, or plead any conduct that could amount to malice or willful misconduct.

A plaintiff cannot sustain a § 1983 claim without averring an officer's personal involvement. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." Furthermore, under Pennsylvania law, the Tort Claims Act bars intentional tort claims against the City's employees unless a plaintiff pleads the employee's conduct constituted a "crime, actual fraud, actual malice or *willful misconduct*." 42 Pa.C.S.§ 8550 (emphasis added); *see also Renk v. City*

*of Pittsburgh*, 641 A.2d 289, 293-94 (Pa. 1984) (explaining the requisite state of mind of the arresting officer in determining whether or not his conduct constituted willful misconduct under 42 Pa.C.S.§ 8550).

Here, Plaintiff fails to make any factual averments of personal involvement by O'Leary, Murphy, Frei, Kerwin, Lasalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor in any of his alleged injuries. Indeed, Plaintiff fails to state *who* arrested him or *how* any of these defendant officers were involved in his arrest. Plaintiff also fails to allege any of the Defendants' actions were done with malice or constituted willful misconduct, much less plead facts that would allow the Court to draw such an inference.

While Plaintiff states Murphy was involved in an interviewing Lipinski, he fails to state that any of Murphy's actions were malicious, constituted willful misconduct, or had any involvement in initiating the criminal proceedings against him. At most, Murphy took an interview of a man who reported a theft and who stated an employee confessed to taking the stolen items. These allegations alone undermine Plaintiff's claims because they establish probable cause for his arrest. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (Probable cause "exists if there is a 'fair probability' that the person committed the crime at issue.") (Quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)); *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (probable cause is not a high bar for an officer to meet).

Lastly, Plaintiff's argument that his constitutional rights were violated by Defendants' failure to conduct a more thorough investigation also fails because no such constitutional right exists. *See Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 386 (E.D. Pa. 2018) (internal citation omitted) (declining to recognize a cause of action under the Fourteenth Amendment for failing to conduct a constitutionally adequate investigation).

Because Plaintiff's bald assertions and legal conclusions are insufficient to state a plausible claim for relief, Count I for "malicious prosecution/false arrest/wrongful imprisonment" fails. Therefore, the Court should dismiss the claims against Defendants O'Leary, Murphy, Frei, Kerwin, Lasalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor.

## IV.   CONCLUSION

Plaintiff fails to state a claim against Defendants the City of Philadelphia, O'Leary, Murphy, Frei, Kerwin, Lasalle, Raymond, Gonzalez, Sowell, Dedos, and Vanor. For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion and dismiss the claims asserted against them. Moreover, the Philadelphia Police Department should be dismissed with prejudice.

Date: <u>May 28, 2020</u>                              Respectfully submitted,

<u>/s/ Katie Cooper Davis</u>
Katie Cooper Davis
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
215-683-5397 (fax)
katie.davis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM RICE,<br>           Plaintiff,<br><br>      v.<br><br>CITY OF PHILADELPHIA, et al.,<br>           Defendants. | Civil Action<br>No. 20-2404 |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date:  May 28, 2020

/s/ Katie Cooper Davis
Katie Cooper Davis
Assistant City Solicitor
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
215-683-5397 (fax)
katie.davis@phila.gov