# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM RICE** | : |
| | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION 20-02404** |
| v. | : |
| | : |
| **A.T. CHADWICK, INC** | : |
| | : |
| And | : |
| | : |
| **A.T. CHADWICK, LLC** | : |
| | : |
| And | : |
| | : |
| **L.F DRISCOLL CO., INC.** | : |
| | : |
| And | : |
| | : |
| **JIMMY KRATZ d/b/a** | : |
| **L.F. DRISCOLL, CO., LLC.** | : |
| | : |
| And | : |
| | : |
| **RICHARD LIPINSKI d/b/a** | : |
| **L.F. DRISCOLL, CO., LLC** | : |
| | : |
| And | : |
| | : |
| **FRAN SPAUSE** | : |
| d/b/a **L.F. DRISCOLL, CO., LLC** | : |
| | : |
| And | : |
| | : |
| **THOMAS WALLS** | : |
| d/b/a **A.T CHADWICK COMPANY, INC** | : |
| also d/b/a **A.T. CHADWICK, LLC** | : |
| | : |
| And | : |
| | : |
| **VINCENT FITZGERALD** | : |
| d/b/a **L.F. DRISCOLL, CO., LLC** | : |
| | : |
| | : |

| | |
|---|---|
| **SERVICE MASTER ASSURED CLEANING SERVICES** | :<br>:<br>: |
| **Defendants** | :<br>: |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS A.T. CHADWICK COMPANY, INC., A.T. CHADWICK, LLC AND THOMAS WALLS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants, A.T Chadwick Company, Inc., A.T. Chadwick, LLC and Thomas Walls, ("Moving Defendants"), by and through their undersigned attorneys, Joseph G. McHale, Esquire, hereby respectively move to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.　BACKGROUND

On July 7, 2020, plaintiff, Kareem Rice ('Plaintiff') filed his Amended Complaint against Moving Defendants A.T Chadwick Company, Inc., A.T. Chadwick, LLC and Thomas Walls, and others, in which he alleges under COUNT I malicious prosecution, false arrest, false imprisonment, and analogous Pennsylvania State Law; COUNT II violations of 42 U.S.C. §1981 (Racial Discrimination) and COUNT III violations of 42 U.S.C. §1985 (Civil Conspiracy). See copy of Plaintiff's Amended Complaint attached as Exhibit "A."  Plaintiff's claims arise out of injuries he allegedly sustained while employed for defendant, L.F. Driscoll, Co., Inc. ("Defendant Driscoll") and for his subsequent arrest and prosecution for theft of metal during said employment.

Plaintiff alleges in his Amended Complaint that he is African-American and Muslim. Plaintiff claimed that on or about December 4, 2017, while employed for Defendant, Driscoll, that he was working on a project for Defendant Driscoll around the location of 1050 Constitution

Ave., Philadelphia, PA, 19112. Plaintiff states that he was one of two African-American employees working on the project.

About a week after Plaintiff began working for Defendant Driscoll, he claims that his foreman, Defendant, Jimmy Kratz ("Defendant Kratz") asked Plaintiff why his pants were above his ankles. The Plaintiff explained that he was Muslim and that his Muslim customs included dressing modestly and wearing clothes that remain clean and do not touch the ground.

Plaintiff claims after he had this conversation with Defendant Kratz, that he began experiencing a hostile work environment. Plaintiff alleges that defendant Kratz assigned him more difficult jobs than Mon-Muslim coworkers; made Plaintiff stay late for work causing him to miss his bus; was denied overtime work and opportunities for advancement. Additionally, Plaintiff claims that he overheard defendant Kratz state that he Kratz was going to "get rid of this nigger," referring to Plaintiff. Plaintiff claims he was subsequently terminated a few weeks later.

Plaintiff further alleges that Defendant Kratz, while working for Defendant Driscoll had given his employees permission to scrap metal that was not being used as it would otherwise be put in the trash. Plaintiff alleges that there was no policy regarding employees scrapping metal at the project site.

During the week of February 12, 2018, Defendant Kratz made a phone call to moving Defendant, Thomas Walls, Project Manager Moving defendant A.T. Chadwick Company, Inc. and advised him that copper was missing from a storage area were copper piping was kept. Plaintiff claims that Defendant Kratz, advised Moving Defendant, Thomas Walls that he would set up a camera in the storage room where the copper was kept. On or about February 16, 2018, defendant Kratz had cameras set up in the storage room.

On or about February 16, 2018, defendant Kratz told Plaintiff and the only other African-American employee on the project that they could go into the storage area and take any scrap metal from there. Plaintiff and the other African-American employee were then captured on video taking metal from the storage room.

On or about February 19, 2018, upon coming into work, Plaintiff was questioned by project foreman, Richard Lipinski, worked for Defendant Driscoll, and asked Plaintiff if he had taken copper piping. Plaintiff said he did take scrap metal from the storage area because he had permission to do so from defendant, Kratz. Plaintiff was then told his employment was terminated and led off the property.

The alleged theft of copper was reported to the Philadelphia Police Department on or about February 19, 2018 by Defendant Lipinski, who worked for Defendant Driscoll. Defendant Lipinski told Ofc. Melissa O'Leary of the Philadelphia Police Department that Plaintiff was captured on video taking large amounts of copper from Defendant. Plaintiff claims that Defendant Lipinski knew, but did not tell Officer O'Leary that Plaintiff had permission to remove the copper.

Plaintiff claims that in Defendant Lipinski's investigative interview with the Philadelphia Police Department that defendant Lipinski advised Detective Sharon Murphy that Plaintiff had admitted to taking copper from the job site. Plaintiff claims that defendant Lipinski failed to inform Detective Murphy that Plaintiff told him he had permission to remove the copper.

In or around March 2018, Plaintiff was informed there was a warrant for his arrest, and he was criminally charged in regard to the alleged theft. Plaintiff claims he was acquitted on all charges on January 23, 2019.

In sum, the only allegations against Moving Defendants A.T. Chadwick Company, Inc. and A.T. Chadwick, LLC are via the alleged actions of its employee Moving Defendant Thomas Walls. Plaintiff's only allegations against Moving Defendant Thomas Wall is that he received a phone call from Defendant Kratz, who worked for Defendant Driscoll, informing him that there had been theft of metal from a storage area and that Defendant Kratz wanted permission to set up a camera in an attempt to film any theft, to which Moving Defendant Thomas Walls agreed.

Plaintiff has raised no allegations that Moving Defendant Thomas Walls or anyone on behalf of Moving Defendants racially discriminated against Plaintiff based upon his race and religion. Further, Plaintiff has raised no allegations against Moving Defendant Thomas Walls or A.T. Chadwick Company, Inc. and A.T. Chadwick, LLC knew of and/or participated in any communication, matter and/or manner to deprive Plaintiff of any rights as alleged.

## II.    ARGUMENT

### A. Motion to Dismiss Standard

This court should dismiss a complaint pursuant to Rule 12(b)(6) when it finds that the plaintiff cannot prove any set of facts, consistent with the complaint, which entitles the plaintiff to relief. *Hishon v. King & Spaulding*, 467 U.S. 69 (1984). In making this determination, the Court must accept as true all factual allegations made in the complaint, and all reasonable inferences that may be drawn from those allegations. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). The Court must view these facts and inferences in the light most favorable to the plaintiff. Id. However, a "court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Cuvo v. DeBias,* 339 F. Supp. 2d 650, 658 (E.D. Pa. 2004).

### B. Plaintiff's Claims Against Moving Defendants A.T Chadwick Company, Inc., A.T. Chadwick, LLC and Thomas Walls, Based Upon Alleged Violations of the Fourth and Fourthteenth Amendment of The Federal Constitution, Should Be Dismissed Because

*Moving Defendants A.T Chadwick Company, Inc., A.T. Chadwick, LLC and Thomas Walls Are Not State Actors and Committed No Acts to Support Any Such Claims*

Plaintiff alleges in his Complaint under COUNT I malicious prosecution, false arrest, false imprisonment, and analogous Pennsylvania State Law allegations against Moving Defendants.  Plaintiff's claims against Moving Defendants for alleged violations of both state and federal law are legally deficient because they are not state actors.

It is well settled that only a state actor can violate an individual's rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution. See *United States v. Jacobsen*, 466 U.S. 109, 114-15 (1984) (Fourth Amendment violation requires a showing of state action); *Hand v. BankOne*, No. Civ. A. 03-4022, 2003 WL 22078022, at *2 (E.D. Pa. Sept. 9, 2003) (granting a motion to dismiss a claim against bank for alleged violation of the Fourth Amendment because "[t]he Fourth Amendment protections, however, only protect against government action, not private action") (Kelly, J.); *Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982)* (state action is required to trigger the protections of the Fourteenth Amendment); *Commonwealth v. Elmobdy,* 823 A.2d 180, 183-84 (Pa. Super. Ct. 2003).

Plaintiff's complaint does not allege that Moving Defendants, consisting of private business entities and individual, is a state actor, nor does he allege any facts that indicate in any way that Moving Defendants are state actors.  Importantly, Plaintiff has alleged no facts to support that Moving Defendants acted or failed to act in any way that supports Plaintiff's claims under Count I.  The only allegation against Moving Defendants is that Moving Defendant Walls gave permission to Defendant Driscoll to set up a security camera for theft detection in a storage area.

Plaintiff alleges no facts that Moving Defendants committed any acts to report Plaintiff's alleged theft to Police, that they knowingly provided false information in support of Plaintiff's arrest and prosecution and thus, Plaintiff's federal and state law claims for false arrest, imprisonment and prosecution are legally deficient against Moving Defendants and should be dismissed with prejudice.

### C. Plaintiff's Amended Complaint Against Moving Defendants Should Be Dismissed for Failure of the Requirement of Personal Involvement in the Challenged Action Against Moving Defendants

The civil rights claims cannot proceed against the individual defendants under §1983 unless Plaintiff alleges that each defendant personally violated his federal rights, actively and intentionally assisted in the violation, or actually knew that someone else was violating his rights and acquiesced in that violation. *Evancho v. Fisher,* 423 F.3d 347, 353-54 (3d Cir. 2005) (dismissal affirmed where complaint failed to allege that the defendant had personal, contemporaneous knowledge of or specifically directed the events giving rise to the lawsuit, and alleged that the defendant was personally involved based solely on his supervisory position); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988); *Gay v. Petsock,* 917 F.2d 768, 771 (3d Cir. 1990). Moreover, liability cannot be predicated solely on the operation of *respondeat superior. Rode,* 845 F.2d at 1207.

Plaintiff's allegations against Moving Defendant Project Supervisor Thomas Walls amount to taking a phone call and giving Defendant Kratz permission to set up a security camera. That is insufficient to meet the personal involvement requisite for civil rights claims.

Further, Plaintiff alleges no facts whatsoever that Moving Defendant Thomas Walls and/or anyone from Moving Defendants A.T. Chadwick Company, Inc. and A.T. Chadwick LLC. acted knowingly and/or in any manner and/or actively participated to violate Plaintiff's rights under any

of the federal and state law and constitutional claims of Plaintiff's Amended Complaint.

### D.  Plaintiff's Claims Alleges No Facts Against Moving Defendants That They Acted in Any Manner To Conspire in Violation of 42 Sections 1985 and 1981

Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) should also be dismissed. To state a claim for conspiracy in violation of § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or deprivation of any right or privilege of a citizen of the United States. *Startzell v. City of Philadelphia,* 2007 WL 172400. Thus, under § 1985(3), a Plaintiff must not only prove the existence of a conspiracy, but that it was motivated by racial animus, and that there was a deprivation of a right, which Plaintiff cannot do.

When asserting a conspiracy, a plaintiff must allege "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events ... Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose with be deemed sufficient." *Marchese v. Umstead,* 110 F. Supp. 2d 361 at 371 (E.D. Pa. 2000) (internal citations omitted).

Plaintiff's Amended Complaint lacks the requisite specificity necessary to demonstrate the existence of a conspiracy. Plaintiff alleges no facts that Moving Defendants took any actions and/or participated in any racial discrimination, acted in consort with Co-defendants to conspire to violate any of Plaintiff's federal and/or states' rights. Pursuant to Federal Rule 12(b)(6), this Court need not consider legal conclusions alleged as facts without any support. *See Mindbridge.com, Inc. v. Testa,* No. 06-4985, 2007 WL 2108555, at *1-2 (E.D. Pa. July 19, 2007) (explaining "factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true"). As a result, because Plaintiff has failed to assert specific factual allegations of a conspiracy motivated by racial animus against Moving Defendants which rise above mere speculation, and because no constitutional right has been violated, Plaintiff cannot establish the essential elements of a § 1985(3) conspiracy claim.

In order to assert a violation of 42 USC §1981, Plaintiff must establish: (1) Plaintiff is a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one of the enumerated activities of Section 1981 (i.e., make and enforce contracts). *Cummings v. Citizens Bank,* No. 07-1164, 2008 WL 53272, at *2 (E.D. Pa. Jan. 3, 2008). As Plaintiff states in the Amended Complaint that he is African-American, Plaintiff satisfies the first element. However, Plaintiff cannot satisfy the second element, establishing an intent by the Moving Defendants to discriminate on the basis of race based upon the lack of any allegations to support such claims against Moving Defendants. See *Bailey*, 2005 WL 2012024, at *5 (citing *Ackaa v. Tommy Hilfiger Co.*, No. 96-8262, 1998 WL 136522, at *3 (E.D. Pa. Mar. 24, 1998).

### III.   CONCLUSION

Plaintiff's claims as asserted against Moving Defendants, should be dismissed as they are all legally insufficient. Plaintiff's own pleading of the facts fails to establish any violation of Plaintiff's Fourth and Fourteenth Amendment claims, and Plaintiff's state law claims for false arrest, false imprisonment and malicious prosecution. Plaintiff also does not allege deprivation of a constitutional or statutory right. Moreover, Plaintiff's allegations are not sufficient to show that Moving Defendants, acted under color of law or that their conduct was fueled by racial animus. Finally, Plaintiff fails to allege any facts in support that Moving Defendants knowingly

participated and/or in any manner racially discriminated against Plaintiff or conspired in violation of 42 USC Section 1985(3) in support of violating Plaintiff's rights under 42 USC Section 1981. Consequently, Plaintiff's Amended Complaint should be dismissed in its entirety.

WHEREFORE, Moving Defendants, respectfully request that this Honorable Court grant the instant Motion and enter the attached Order dismissing all claims against them.

                    WILLIAM J. FERREN & ASSOCIATES

BY:    /s/Joseph G. McHale, Attorney at Law
         Attorney for Defendants, A.T. Chadwick, Inc., A. T. Chadwick, LLC and Thomas Walls, d/b/a A.T. Chadwick, Company, Inc., also, d/b/a A.T. Chadwick, LLC.
         Post Office Box 2903
         Hartford, CT  06104-2903
         267-675-3021
         jmchale@travelers.com

Date:  7/17/2020