IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM RICE,<br>　　　　　　Plaintiff,<br>　　vs.<br><br>CITY OF PHILADELPHIA d/b/a<br>PHILADELPHIA POLICE DEPARTMENT,<br>OFFICER MELISSA O'LEARY,<br>DETECTIVE SHARON MURPHY,<br>DETECTIVE JOHN FREI, DETECTIVE<br>ROBERT KERWIN, LIEUTENANT<br>ANTHONY LASALLE, JR., OFFICER<br>ZACHARY RAYMOND, SERGEANT<br>ANGEL GONZALEZ, SERGEANT<br>GERALD GOLDEN, OFFICER MICHAEL<br>SOWELL, OFFICER JONATHAN DEDOS,<br>SERGEANT STEVEN VANOR, A.T.<br>CHADWICK COMPANY, INC., A.T.<br>CHADWICK FAMILY LIMITED<br>PARTNERSHIP, A.T. CHADWICK, LLC,<br>JIMMY KRATZ, RICHARD LIPINSKI,<br>FRAN SPAUSE, THOMAS WALLS, and<br>VINCENT FITZGERALD,<br><br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 20-02404<br><br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants, Jimmy Kratz, Richard Lipinski, Fran Spause and Vincent Fitzgerald (hereinafter, collectively, the "Moving Defendants"), hereby submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiff, Kareem Rice (hereinafter "Rice") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.     INTRODUCTION & PROCEDURAL HISTORY**

This matter arises out of Rice's alleged theft of copper from a job site where he was working as a laborer, and the resulting termination of his employment and criminal proceeding.

On January 6, 2020, Rice filed a Praecipe to Issue Writ of Summons with the Philadelphia County Court of Common Pleas (the "CCP") and, on January 20, 2020, he filed Affidavits of Service with regard to service of the Writ upon the City of Philadelphia, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony Lasalle, Officer Zachary Raymond, Sergeant Angel Gonazlez, Sergeant Gerald Golden, Officer Michael Sowell, Officer Jonathan Dedos, Sergeant Steven Vanor, and Officer Melissa O'Leary.  *See* Doc. 1-2.  Rice did not serve the Writ upon any of the Moving Defendants.  *See* Doc. 1-2.

On April 20, 2020, Rice filed a complaint with the CCP (the "Complaint"), asserting claims for "malicious prosecution/false arrest/wrongful imprisonment" and "Monell."  *See* Doc. 1-1.  The Complaint was served upon the City of Philadelphia, Detective Sharon Murphy, Detective John Frei, Detective Robert Kerwin, Lieutenant Anthony Lasalle, Officer Zachary Raymond, Sergeant Angel Gonazlez, Officer Michael Sowell, Officer Jonathan Dedos, Sergeant Steven Vanor, and Officer Melissa O'Leary (collectively, the "City Defendants") on April 28, 2020.  *See* Doc. 1-2.  Rice did not serve the Complaint upon any of the Moving Defendants.  *See* Doc. 1-2.

On May 22, 2020, the City Defendants removed the Complaint to this Court.  *See* Doc. 1.  Shortly thereafter, the City Defendants filed a motion to dismiss the Complaint.  *See* Doc. 2.  On June 10, 2020, Rice filed a motion for extension of time within which to respond to the City Defendants' motion to dismiss.  *See* Doc. 4.  On July 1, 2020, Rice filed a purported amended complaint (the "Amended Complaint").  *See* Doc. 5.  On July 17, 2020, A.T. Chadwick Company, Inc., A.T. Chadwick Family Limited Partnership, A.T. Chadwick, LLC, and Thomas Walls (collectively, the "Chadwick Defendants"), filed a motion to dismiss the Amended Complaint.  *See* Doc. 9.  On July 31, 2020, Rice filed a motion for extension of time to amend the complaint, attaching a proposed second amended complaint.  *See* Doc. 12.  As of this date, none of the

foregoing motions have been decided by the Court. Further, on August 4, 2020, Rice's attorney filed a letter with the Court, confirming that the Court does not deem the Amended Complaint as "operative" as it has not yet ruled on the City Defendants' pending motion to dismiss the initial Complaint. *See* Doc. 13.

On August 5, 2020, the undersigned counsel for Moving Defendants entered her appearance in this action and contacted Rice's attorney to discuss the various procedural issues, noting that Moving Defendants had never been served with the Complaint. The undersigned counsel agreed to execute Waivers of Service on behalf of Moving Defendants with regard to the Complaint, and such executed Waivers were filed with the Court on August 17, 2020. *See* Docs. 15-18.

## II.   LEGAL ARGUMENT

### A.   STANDARD OF REVIEW

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit interprets *Twombly* to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the

plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." *Id*. at 234-35.

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quotation omitted). Ultimately, "a complaint must contain facts sufficient to nudge any claim 'across the line from conceivable to plausible'." *Associated Builders & Contrs. v. Cty. of Northampton,* 376 F. Supp. 3d 476, 492 (E.D.Pa. 2019), quoting *Twombly*, 550 U.S. at 570.

Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (*citing* 5A Wright & Miller, Fed. Prac. & Proc. § 1366, at 491 (1990)). Documents whose contents are alleged in the complaint, as well as documents that the moving party attaches to the motion to dismiss and are central to the claim, may be considered by the court. *Pryor,* 288 F.3d at 560, *citing* 62 Fed. Proc., L. Ed. § 62:508. *See also Mickel Drilling Partners v. Cabot Oil & Gas Corp.,* 2012 U.S. Dist. LEXIS 148515 (M.D. Pa. Oct. 16, 2012)(the court may consider documents attached to defendant's motion to dismiss where plaintiff's claims are based on the contents of the documents).

**B.     PLAINTIFF CANNOT MAINTAIN A CLAIM FOR "MALICIOUS PROSECUTION/FALSE ARREST/WRONGFUL IMPRISONMENT" AGAINST MOVING DEFENDANTS**

   **i.   Plaintiff's False Arrest and Wrongful Imprisonment Claims Against Moving Defendants are Time-Barred**

The United States Court of Appeals for the Third Circuit permits defendants to raise the statute of limitations as a defense by way of a motion to dismiss under R. 12(b)(6) if the time-bar is apparent on the face of the complaint. *Robinson v. Johnson,* 313 F.3d 128, 135-36 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003). With regard to civil rights claims under Section 1983 and Section 1985, federal courts use the statute of limitations for personal injury actions in the applicable state. Thus, in the present matter, Pennsylvania's two year statute of limitation period for personal injury actions governs Rice's claims for "false arrest/wrongful imprisonment." *See Davis v. Malitzki,* 2009 U.S. Dist. LEXIS 100204, *12-13 (E.D.Pa. Oct. 27, 2009), citing 42 Pa.C.S.A. § 5524(7); *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir. 1993)(citing *Wilson v. Garcia*, 471 U.S. 261, 272-276 (1985)).

In Fourth Amendment claims based on false arrest or false imprisonment, the statute of limitations begins to run "at the time the claimant becomes detained pursuant to legal process, i.e., appears before the examining magistrate and is bound over for trial." *Malitzki,* 2009 U.S. Dist. LEXIS 100204, *17 (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). Where a plaintiff is well aware of his arrest and alleged resultant harm, as well as the defendant's alleged racially discriminatory motive in having him arrested, the statute of limitations on the false arrest or false imprisonment claims begins to run on the date of arrest. *See Malitzki,* 2009 U.S. Dist. LEXIS 100204, *21. With regard to Pennsylvania state law claims for false arrest and false imprisonment, our courts have expressly held that the statute of limitations begins to accrue at the time of the

arrest.  *Malitzki,* 2009 U.S. Dist. LEXIS 100204, *30 (citing to *Little v. City & County of Phila.,* 2008 U.S. Dist. LEXIS 57972 (E.D.Pa. July 3, 2008).

In the present matter, Rice instituted the underlying action by filing a Praecipe to Issue Writ of Summons with the CCP on January 6, 2020, and serving the Writ on the City Defendants on January 16, 2020.  *See* Doc. 1-2.  Rice did not serve the Writ on any of the Moving Defendants at any time.  *See* Doc. 1-2.  The Pennsylvania Supreme Court has observed:

> [The] purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims, which may greatly prejudice the defense of such claims. To this end, our legislature has enacted statutes of limitations that require actions to be commenced within certain time-frames depending on the nature of the underlying claims. . . .
>
> It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled. Therefore, this Court has set forth rules governing service of original process to ensure such notice. . . .
>
> [Pa. R.C.P. No.] 401 limits the time between filing and service. Specifically, subsection (a) requires service of original process within thirty days of the issuance of the writ. If a plaintiff fails to comply with subsection (a), the claim remains valid so long as the plaintiff complies with the procedures of subsection (b), which allows for reissuance of the writ at any time and any number of times.

*Collins v. City of Philadelphia,* 2020 Pa. Commw. Unpub. LEXIS 348, *3-4 (July 9, 2020), quoting *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) (citations and quotations omitted and emphasis added).  In order to toll the statute of limitations, a plaintiff must make a good faith effort to serve the complaint in a timely manner.  *Daniel v. City of Philadelphia*, 86 A.3d 955, 957 (Pa. Cmwlth. 2014).

Rice asserts in the Complaint that "in or around the beginning of March 2018," he was informed that there was a warrant out for his arrest relating to the alleged theft of copper, and he therefore "turned himself in and was released on bail." *See* Doc. 1-1 at ¶¶ 38-39.  As such, the statute of limitations on his "false arrest/wrongful imprisonment" claims began to run by mid-March 2018.  Pursuant to the 2 year statute of limitation period under Pennsylvania law, the deadline for Rice to file these claims was mid-March 2020.  As discussed above, Rice did not file the Complaint, or put Moving Defendants on notice of these claims, before the expiration of the statute of limitation period.  While Rice did file a Praecipe to Issue Writ of Summons in January 2020, he never served the Writ on Moving Defendants.  Further, Rice did not file the Complaint until April 20, 2020, and never served the Complaint on Moving Defendants.  As such, Rice did not make any good faith effort to serve the Complaint on Moving Defendants in a timely manner, and therefore, the filing of his Praecipe to Issue Writ of Summons did not toll the statute of limitations for these claims.  Accordingly, Rice's "false arrest/wrongful imprisonment" claims against Moving Defendants should be dismissed with prejudice.

      **ii.**      **Plaintiff Cannot Maintain a Claim for Malicious Prosecution Against the Private Moving Defendants Under Section 1983**

In the Complaint, Rice asserts a claim for "malicious prosecution" against all "Defendants," asserting that he was subjected to false criminal charges "in violation of the Fourth and Fourteenth Amendments to the United States Constitution." *See* Doc. 1-1 at ¶ 51.  With regard to claims for malicious prosecution under Section 1983, our courts have held that such claims cannot be based on the substantive due process considerations required for a common law claim, and rather, must be based on "a provision of the Bill of Rights providing 'an explicit textual source of constitutional protection'." *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 790 (3d Cir. 2000), quoting *Albright v. Oliver,* 510 U.S. 266, 272 (1994).  Thus, the analysis of a malicious

prosecution claim arising under Section 1983 must begin with a determination of whether a constitutional violation exists. *See Olasz v. Welsh,* 301 Fed. Appx. 142, 144 (3d Cir. 2008). Moreover, in order to prevail on a Section 1983 claim, a plaintiff must not only "allege the violation of a right secured by the Constitution and laws of the United States," but he must also "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A private, non-governmental party is only liable under Section 1983 if he is "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Courts use four tests to determine if a private party is "fairly said to be a state actor:"

1) where "there is a sufficiently close nexus between the state and the challenged action of the [private] entity so that the action of the latter may fairly be treated as that of the state itself" ("close nexus test") (*Blum v. Yaretsky*, 457 U.S. 991 (1982)(holding state responsible for private decision "only where it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State");

2) where "the state has so far insinuated itself into a position of interdependence" with a private party that "it must be recognized as a joint participant in the challenged activity" ("symbiotic relationship test")(*Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 725 (1961)(holding privately owned restaurant's refusal to serve an African American customer constituted state action where the restaurant leased space from a parking garage owned by state agency);

3) where a private party is a "willful participant in joint action with the State or its agents")("joint action test")(*Lugar*, 457 U.S. at 941 (1982)); and

> 4) where the private party has been "delegated . . . a power 'traditionally exclusively reserved to the State'" ("public function test")(*Terry v. Adams,* 345 U.S. 461, 468-470 (1953)(state action found where private actor administered election of public officials).

As stated above, the Complaint makes a blanket allegation that Rice's Fourth and Fourteenth Amendment rights were violated by all "Defendants," without providing any specific factual allegations with regard to the conduct of the private, non-governmental Moving Defendants or their relationship to any state actor. Moreover, Rice has not alleged any facts to support a finding of: a sufficiently close nexus between the state and any conduct of Moving Defendants; a position of interdependence between the state and Moving Defendants sufficient to establish a joint participant relationship; willful conduct on the part of Moving Defendants to establish joint action with the state; or any delegation by the state, to Moving Defendants, of any power that is traditionally exclusively reserved to the state. Accordingly, Rice's claim for malicious prosecution as against Moving Defendants should be dismissed with prejudice.

### C. PLAINTIFF CANNOT MAINTAIN A "MONELL" CLAIM AGAINST MOVING DEFENDANTS

Count II of the Complaint contains a sub-heading simply stating "Monell," and contains allegations directed against "Defendants" without any further description or clarification of the specific defendants against whom Rice asserts such claim. While the standard for municipal liability in civil rights actions established by *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), applies equally to private corporations, our courts have expressly held that *Monell* liability does not apply to individual defendants. *Moore v. Solanco Sch. Dist.,* 2020 U.S. Dist. LEXIS 121349, *40-41 (E.D.Pa. July 10, 2020), citing *Lepre v. Lukus,* 602 F. App'x 864, 869 n.4 (3d Cir. 2015) (concluding that the district court erred in applying the Monell test to the §1983 claims against the

individual defendant). Accordingly, the Monell claims asserted in Count II of Rice's Complaint as against the individual Moving Defendants must be dismissed with prejudice.

### D.   PLAINTIFF'S ADDITIONAL CLAIMS AGAINST MOVING DEFENDANT, AS INCLUDED IN HIS PROPOSED "AMENDED COMPLAINT," ALSO FAIL

As discussed in the procedural history summary above, multiple versions of the complaint have been submitted to the Court by Rice as of this date. While it is Moving Defendants' understanding that the initial Complaint is the only operative complaint at this time, we also address the additional claims contained in the proposed Amended Complaint as such proposed claims similarly must fail as against Moving Defendants. As such, the attempt by Rice to amend the Complaint to include these claims should be denied as futile.

#### i.   Plaintiff's Proposed Section 1981 Racial Discrimination Claim Against Moving Defendants is Time-Barred

In "Count II" of the proposed Amended Complaint, Rice asserts a claim for violations of 42 U.S.C. § 1981, based on race discrimination, against all "Defendants." The statute of limitations for race discrimination claims under Section 1981 is determined by applicable state law. *See Williams v. Home Depot, U.S.A., Inc.,* 1999 U.S. Dist. LEXIS 15250, *7 (E.D.Pa. Oct. 5, 1999). In Pennsylvania, the applicable statute of limitations is two years. *Gaspar v. Merck & Co.,* 118 F. Supp. 2d 552, 556 (E.D.Pa. 2000). In cases where a plaintiff asserts a claim for race discrimination under Section 1981 arising out of his termination of employment, the statute of limitations begins to run on the date of termination. *Id.*

In the proposed Amended Complaint, Rice alleges that he experienced "ongoing racism" "throughout his employment with Defendants." Rice further alleges that he was "set up" for the alleged copper theft based on his race, and that his employment was terminated as a result of the alleged theft. *See* Doc. 5 at ¶¶ 30-32, 40, 58. Rice also confirms that his employment was

terminated on February 19, 2018. *See* Doc. 5 at ¶¶ 30-31. As such, all alleged acts of race discrimination occurred on or before February 19, 2018. Pursuant to the applicable 2 year statute of limitation period in Pennsylvania, the deadline for Rice's Section 1981 race discrimination claim was February 19, 2020. As discussed above, Rice did not file a Section 1981 race discrimination claim prior to that deadline. While Rice filed a Praecipe to Issue Writ of Summons in January 2020, he never served the Writ on any of the Moving Defendants. Further, while Rice filed the pending Complaint in April 2020, he never served the Complaint on any of the Moving Defendants, and the pending Complaint does not contain a claim for race discrimination under Section 1981. Rather, Rice only attempted to include the claim when he submitted the proposed Amended Complaint to the Court in July 2020. Based on all of the foregoing, any attempt to amend the Complaint to include a claim for race discrimination under Section 1981 against Moving Defendants is futile and should be denied.

### ii. Plaintiff's Proposed Section 1985 Civil Conspiracy Claim Against Moving Defendants is Time-Barred

In "Count III" of the proposed Amended Complaint, Rice asserts a claim for violations of 42 U.S.C. § 1985, based on "civil conspiracy," against all "Defendants." Section 1985, like Section 1983, does not contain a statute of limitation, and accordingly, federal courts must rely on the statute of limitation for personal injury actions under the applicable state law. 42 U.S.C. § 1988; *Lake v. Arnold,* 232 F.3d 360, 368 (3d Cir. 2000). *See also Wilson v. Garcia,* 471 U.S. 261, 276-80 (1985), superseded by statute on other grounds (directing courts to apply the state statute applicable to personal injury actions).

In the proposed Amended Complaint, Rice alleges that during investigative interviews in February 2018, defendant Richard Lipinski ("Lipinski") failed to advise the Philadelphia Police Department that Rice had permission to remove the copper in question. *See* Doc. 5 at ¶¶ 34-35.

Rice further alleges that Moving Defendants each "provided false information to the police that [Rice] took scrap metal without permission…" *See* Doc. 5 at ¶ 41. Pursuant to the applicable 2 year statute of limitation period in Pennsylvania for a Section 1985 conspiracy claim, the deadline for Rice to file his proposed claim against Moving Defendants was, at the latest, the beginning of March 2020 (2 years from the time of his arrest, which was allegedly based on false information provided by Moving Defendants). As discussed above, Rice did not file a Section 1985 conspiracy claim prior to that deadline. While Rice filed a Praecipe to Issue Writ of Summons in January 2020, he never served the Writ on any of the Moving Defendants. Further, while Rice filed the pending Complaint in April 2020, he never served the Complaint on any of the Moving Defendants, and the pending Complaint does not contain a claim for conspiracy under Section 1985. Rather, Rice only attempted to include this new claim when he submitted the proposed Amended Complaint to the Court in July 2020. Based on all of the foregoing, any attempt to amend the Complaint to include a claim for conspiracy under Section 1985 against Moving Defendants is futile and should be denied.

      **iii.** **The Proposed "Amended Complaint" Fails to Allege Sufficient Facts for A Conspiracy Claim Against Moving Defendants**

Pursuant to R. 8(a), a complaint asserting a claim for conspiracy must allege at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn. *Durham v. City & County of Erie*, 171 F.App'x 412, 415 (3d Cir. 2006)(citing *Evancho v. Fisher*, 23 F.3d 347, 353 (3d Cir. 2005). Further, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *Lopez v. Brady,* 2008 U.S. Dist. LEXIS 43797, *6 (M.D.Pa. June 3, 2008)(citing *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993). "To plead conspiracy adequately, the plaintiff must set forth allegations that address the period of the conspiracy, the

object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989).

Count III of the proposed Amended Complaint makes blanket allegations that "Defendants" engaged in a conspiracy to violate Rice's civil rights, without providing any clarification as to the specific defendants that Rice asserts this claim against. *See* Doc. 5 at ¶¶ 66-67. While the "Statement of Facts" contained in the proposed Amended Complaint implies that Moving Defendants participated in a conspiracy by providing false information to the police, Rice fails to sufficiently set forth allegations that address the period of the alleged conspiracy, the object of the conspiracy, and the specific actions taken by each of the alleged conspirators to achieve that purpose. As such, the proposed Amended Complaint does not adequately plead a Section 1985 conspiracy claim and any attempt by Rice to amend the Complaint to include such claim should be denied as futile.

## III. CONCLUSION

Based on the above facts and legal arguments, Defendants, Jimmy Kratz, Richard Lipinski, Fran Spause and Vincent Fitzgerald, respectfully request that this Honorable Court enter judgment in their favor, dismissing the Complaint of Plaintiff, Kareem Rice, as against them with prejudice.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Dated:  October 9, 2020   By:  /s/Carianne P. Torrissi
                               Carianne P. Torrissi
                               *Attorneys for Defendants,*
                               *Jimmy Kratz, Richard Lipinski, Fran Spause*
                               *and Vincent Fitzgerald*